OPINION
Defendant-appellant Eugene Harris appeals from his conviction and sentence for Unauthorized Use of Property. He contends that the trial court erred when it denied his motion for judgment of acquittal, because the State had failed to prove his unauthorized use of the victim's license plates. Based upon our review of the evidence in the record, we agree with Harris. Accordingly, the judgment of the trial court is Reversed, and Harris is Discharged.
 I
On February 1, 1999, Mary Cleveland sold a car to defendant-appellant Eugene Harris. At that time, she gave him consent to use her license plates, which were on the car, but told him that she would be wanting them back. No time frame was established for the return of the plates at that time.
Some time later, Cleveland telephoned Harris and asked for the return of her license plates. Harris assured her that he would return the plates, but he failed to do so.
About two weeks after the sale of the car, Cleveland contacted the police. Harris was charged with Unauthorized Use of Property.
This cause was tried to the bench. Following the State's case, Harris moved for a judgment of acquittal, contending that there was a failure of proof that he had used the license plates without Cleveland's authorization. The motion was denied.
At the conclusion of the trial, Harris was convicted of the charge, and sentenced accordingly. From his conviction and sentence, Harris appeals.
 II
Harris sets forth two assignments of error. They are as follows:
 THE TRIAL COURT ERRED BY DENYING DEFENDANT'S RULE 29 MOTION AT THE END OF THE STATE'S CASE.
 THE TRIAL COURT ERRED BY NOT GRANTING DEFENDANT'S MOTION FOR ACQUITTAL AS THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In both of his assignments of error, Harris contends that the trial court erred by denying his motion for judgment of acquittal. He contends that the evidence in the State's case-in-chief was insufficient to establish that he used Cleveland's license plates without permission.
The State has not filed a brief.
We have reviewed the entire transcript of the trial, which is not voluminous. The record established that Harris had Cleveland's permission to use the plates after he bought her car. Although Cleveland did not expressly withdraw that permission when she later demanded the return of the plates, reasonable minds could find that Harris's permission to use the plates was implicitly withdrawn when Cleveland demanded their return. However, as Harris notes, there is no evidence that he continued to use the plates after Cleveland asked for them back. The mere taking and withholding of property of another does not constitute the Unauthorized Use of Property. Some actual use of the property is a necessary element of the offense. State v. Patel (April 11, 1997), Clark App. No. 96-CA-97, unreported.
Accordingly, Harris was entitled to a judgment of acquittal when he made his motion therefor, and the trial court erred by denying the motion.
Harris's assignments of error are sustained.
 III
Both of Harris's assignments of error having been sustained, the judgment of the trial court is Reversed, and Harris is orderedDischarged.
GRADY, P.J., and YOUNG, J., concur.
Copies mailed to:
David Fuchsman, Arvin S. Miller, HON. JAMES MANNING